## PROPER FORM FOR SUBMITTING INTERROGATORIES.

Common Pleas Court of Hamilton County.

### A. & J. PLAUT v. HANS I. JACOBSON.

Decided, January 31, 1917.

*Interrogatories—Must be Submitted in Such Form as to Give Jurors Opportunity for Signing Their Names.*

Counsel submitting interrogatories to jury must prepare them in such a way that the jury in answering them will have opportunity of signing their names to such answers, and where counsel refuse to comply with the request of the court to do so, it is not error to refuse to submit such interrogatories.

*Matthews & Matthews,* for plaintiff.
*W. F. North,* contra.

MAY, J.

The principal error complained of is the refusal of the court to submit special interrogatories requested by the defendant.

I am of the opinion that there is no merit in this contention for the following reasons:

In the first place, these interrogatories were not submitted in the proper form. Each interrogatory called for a separate answer. The case on trial was one that permitted a three-fourths jury verdict, and necessarily each juror was required to sign the verdict if he concurred in it, and each juror would likewise be

required to sign his name to the answer of each interrogatory. All the interrogatories were on two sheets of paper, and there was not sufficient space for the jurors answering them to sign their names. The court called attention of counsel to this defect, but counsel made no effort to change the form of the interrogatories.

The questions were not such as to call for answers establishing probative facts, and in their nature were merely questions to ascertain the mental processes by which the jury arrived at conclusions of fact. Under the ruling of *R. R. Co.* v. *Hawkins,* 64 Ohio St., 391, at 397, such questions need not be submitted.

Then again, the defendant was not prejudiced by the refusal to submit the questions prepared by him. The court of its own motion submitted two interrogatories which covered the ultimate facts of the case.

The plaintiffs sued to recover an over-payment to a salesman. The salesman denied over-payment and filed a cross-petition in nature of a counter-claim. The main contention between the parties was as to the agreement between them. The plaintiffs claimed the defendant was employed at $2,500 per annum and 6% commission on all sales over $40,000; the defendant contended the salary was $3,100 per annum and 6% on sales over $50,000. The court submitted to the jury two questions, asking (1) What was the salary, to which the jury answered $2,500; (2) What was the commission, to which the jury answered 6% on sales over $40,000. These two questions covered all the questions submitted by the defendant with the exception of one, viz., what was the amount of sales of uncollectible accounts? Had the questions been in proper form for submission under *R. R. Co.* v. *Hawkins, ubi supra,* it was not error to refuse to submit this, as its answer served only to ascertain the mental processes by which the jury arrived at its verdict for the plaintiffs.

The case, in my opinion, was fairly submitted, and the charge contains no error prejudicial to the defendant. An omission now complained of can not be considered under *R. R. Co.* v. *Ritter,* 67 Ohio St., 53, especially as the court asked counsel whether they desired him to charge on any additional points.

For these reasons the motion for a new trial is overruled.